# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 28, 2011

No. 10-10613
Summary Calendar

Lyle W. Cayce
Clerk

BRIAN E. JOHNSON,

Plaintiff-Appellant

v.

E. JACKSON, Officer, Dickens County Correctional Facility; UNKOWN
SERGEANT, Dickens County Correctional Facility; UNKNOWN WARDEN,
Dickens County Correctional Facility; UNKNOWN DIRECTOR, Community
Education Centers; DAVID A. BYRNES, Sheriff, Kaufman County Sheriff's
Department; KAUFMAN COUNTY SHERIFF'S DEPARTMENT; MILTON
WRIGHT, Sheriff, Fort Bend County Sherrif's Department; FORT BEND
COUNTY SHERIFF'S DEPARTMENT,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-2045

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Brian E. Johnson, Texas prisoner # 1545307, has filed a motion to proceed
in forma pauperis (IFP) on appeal following dismissal of his 42 U.S.C. § 1983
complaint, in which he alleged that he received inadequate medical care for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

injuries sustained in a motor vehicle accident that occurred when he was transported from one detention facility to another.  The district court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) after determining that Johnson's allegations failed to state a claim upon which relief could be granted.

Johnson's motion for leave to proceed IFP is a challenge to the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).   Because the district court dismissed the complaint pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, this court employs the de novo standard of review.  *See Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

Johnson fails to provide argument that addresses the district court's rationale for dismissing his complaint and for determining that his appeal was not in good faith.  *See* FED. R. APP. P. 28(a)(9).  Although this court liberally construes the briefs of pro se appellants, arguments must be briefed to be preserved.  *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  By failing to adequately brief a challenge to the district court's determinations, Johnson has failed to demonstrate that his appeal is in good faith.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Johnson's appeal is without arguable merit and therefore is frivolous.  *See Howard*, 707 F.2d at 219-20.  Because the appeal is frivolous, it is dismissed.  *See* 5TH CIR. R. 42.2.  Johnson is cautioned that the dismissal of this appeal as frivolous counts as a strike under § 1915(g), as does the district court's dismissal for failure to state a claim.  *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Johnson therefore has two strikes under § 1915(g) and he is cautioned that if he accumulates three strikes under § 1915(g), he will not

No. 10-10613

be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." *See* § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.